SUPREME COURT OF ARIZONA

PFP DORSEY INVESTMENTS, LLC, a Delaware limited liability company; DORSEY PLACE CONDOMINIUM ASSOCIATION, an Arizona nonprofit corporation,

            Petitioners,

        v.

JIE CAO and HAINING "FRAZER" XIA, a married couple,

            Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Arizona Supreme Court
No. CV-25-0071-PR

Court of Appeals
Division One
No. 1 CA-SA 25-0015

Maricopa County
Superior Court
No. CV2019-055353

**FILED 08/20/2025**

**O R D E R**

This matter is before the Court on a Petition for Review seeking clarification of this Court's Mandate issued in *Cao et al. v. PFP Dorsey Investments, LLC et al.*, 257 Ariz. 82 (2024). This Court issued its Mandate on May 16, 2024, stating in relevant part, "This Court, having considered the case, filed its opinion on March 22, 2024, vacating the court of appeals' decision, affirming the trial court except as to the issues encompassed in Part II of this Opinion, and remanding to that court for further proceedings consistent with this Opinion."

Upon remand, Petitioners PFP Dorsey Investments, LLC and Dorsey Place Condominium Association (collectively "Dorsey") took the position that this Court had affirmed the superior court's dismissal of Respondents Jie Cao and Haining "Frazer"

Xia's ("the Xias") claims, and that the only remaining issue to be determined was the fair market value of the condominium unit previously owned by the Xias. The Xias took the position that all their previously dismissed claims had been reinstated on remand.

Dorsey filed a motion to compel arbitration of the valuation issue, pursuant to A.R.S. § 33-1228 and the Condominium Termination Agreement. In a minute entry dated August 8, 2024, the superior court denied Dorsey's motion to compel arbitration. The Xias then filed a motion for leave to file a Third Amended Complaint, realleging all their previously dismissed claims and adding an additional party. In a minute entry dated December 3, 2024, the superior court granted the Xias' motion.

Dorsey filed a Petition for Special Action in the court of appeals, arguing that the superior court's rulings were not consistent with the Mandate, and seeking clarification regarding how the Mandate should be interpreted and applied. On February 25, 2025, the court of appeals entered an order declining jurisdiction.

On March 19, 2025, Dorsey filed a "Petition for Review of a Special Action Decision of the Court of Appeals," seeking

clarification of this Court's Mandate. On May 1, 2024, the Xias filed "Respondents/Plaintiffs Jie Cao and Haining 'Frazer' Xia's Response to Petition for Review."

Upon consideration by the entire Court,

**IT IS ORDERED** that Dorsey's "Petition for Review of a Special Action Decision of the Court of Appeals" is granted.

**IT IS FURTHER ORDERED** clarifying that pursuant to this Court's Mandate issued in *Cao* on May 16, 2024, the trial court is affirmed and the sole remaining issue to be determined is the fair market value of the Xias' condominium unit, to be paid to the Xias as their total compensation in this matter.

**IT IS FURTHER ORDERED** that the superior court's Minute Entry re: Under Advisement Ruling dated August 8, 2024 and Minute Entry dated December 3, 2024 are vacated.

**IT IS FURTHER ORDERED** that this matter is remanded to the superior court for the parties to engage in final and binding arbitration, as set forth in A.R.S. § 33-1228 and the Condominium Termination Agreement, to determine the fair market value of the Xias' unit.

**IT IS FURTHER ORDERED** awarding Dorsey reasonable attorney fees incurred.

DATED this 20th day of August, 2025.

_____/s/_____
ANN A. SCOTT TIMMER
Chief Justice

TO:

Louis D Lopez
Charles E Markle
Andrew B Haynes
Eric M Fraser
Matthew J Martin
Hon. M Scott McCoy
Hon. Joseph W Malka
Hon. Pamela S Gates
Raymond L Billotte
Hon. Danielle J Viola
West Publishing Company
Lexis Nexis